11-4714-cr
United States v. Deopersaud

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand thirteen.

PRESENT: DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
                  Circuit Judges,
         JOHN F. KEENAN,
                  District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                  Appellee,

                  -v-                                11-4714-cr

RODOLFO GARCIA, JOSE RAMON DIAZ, ARCESIO MAURATH, ELIAS VEGA,

                  Defendants,

KARON DEOPERSAUD,

                  Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

---

[*]      The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                     Lara Treinis Gatz, Peter A.
                                  Norling, Assistant United States
                                  Attorneys, for Loretta E. Lynch,
                                  United States Attorney for the
                                  Eastern District of New York,
                                  Central Islip, New York.

FOR DEFENDANT-APPELLANT:           John S. Wallenstein, Law Office of
                                  John S. Wallenstein, Garden City,
                                  New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Karon Deopersaud appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), dated April 29, 2011, convicting him, pursuant to a guilty plea, of conspiracy to commit robbery and using a firearm during a crime of violence. The district court sentenced Deopersaud to 117 months' imprisonment, 5 years' supervised release, $60,000 in restitution, and $200 in special assessments. On appeal, Deopersaud challenges only the restitution order. Although he did not specifically object to the restitution order below, he objected to the loss amount of $60,000 set forth in the presentence investigative report ("PSR"), and argues that the district court did not rule on the objection as it was required

2

to do under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(e), and Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Ordinarily, we review a district court's order of restitution under the MVRA for abuse of discretion . . . . [but where] a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." United States v. Zangari, 677 F.3d 86, 91 (2d Cir. 2012). We also review for plain error where "the district court neglected to address an objection to the PSR in violation of Rule 32(i)(3)(B), but [the] appellant failed to alert the district court of this procedural issue." United States v. Wagner-Dano, 679 F.3d 83, 90 (2d Cir. 2012).

Section 3664(e) of the MVRA provides that "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e); see also United States v. Oladimeji, 463 F.3d 152, 157 (2d Cir. 2006) (restitution order is based on factual findings made by a judge by a preponderance of the evidence). A district court satisfies its obligation to make findings if it adopts the recommendations in the PSR, Wagner-Dano, 679 F.3d at

3

90, 94-95, but where any portion of the PSR is disputed, the district court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Fed. R. Crim. P. 32(i)(3)(B).

Plain error exists where "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (citations, alteration, and internal quotation marks omitted).

We conclude that plain error analysis applies here and that there was no plain error.  First, it is unclear whether Deopersaud preserved any objection to the restitution order. While he objected, in his presentencing memorandum, to the proposed loss amount of $60,000, he did not specifically object to the proposed restitution order, either in his presentencing memorandum or at sentencing.  Even assuming, however, that the objection to the loss amount also served as an objection to the restitution order, he failed to object on Rule 32(i)(3)(B)

4

grounds when the district court at sentencing neglected to address the objection.  See <u>Wagner-Dano</u>, 679 F.3d at 94.  Hence, plain error review applies.

Second, even assuming there was error, Deopersaud cannot show that he suffered prejudice or that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  The district court's restitution order in the amount of $60,000 was supported by a finding in the PSR, which in turn relied on an affidavit of loss given by the owner of the jewelry store Deopersaud conspired to rob, which provided that the store suffered a loss in the amount of $60,000.  See <u>United States v. Ben Zvi</u>, 242 F.3d 89, 100 (2d Cir. 2001) (district court does not abuse its discretion by relying on victim's affidavit of loss in calculating the amount of restitution).

We have considered all of Deopersaud's remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk